UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MILTON COOPER ) | |
| ) | |
| *Petitioner*, ) | |
| v. ) | No. 1:03-cv-276 |
| ) | *Judge Curtis L. Collier* |
| RICKY BELL, Warden ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM AND ORDER

Milton Cooper ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No.1) which was dismissed on March 31, 2005 (Court File Nos. 18, 19). The Court concluded all but one instance of ineffective assistance of counsel were procedurally defaulted. This matter is before the Court on Petitioner's motions requesting appointment of counsel and relief from judgment pursuant to Rule 60(b)(5-6) (Court File No. 24, 25).

Petitioner requests appointment of counsel (Court File No. 24). There exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v.Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987). In the instant case, given that Respondent is being ordered to update his previous pleading, appointment of counsel is not warranted at this time. Accordingly, the motion for appointment of counsel is **DENIED** as premature (Court File No. 24).

In his Rule 60(b) motion, Petitioner relies on *Martinez v. Ryan,* 132 S. Ct. 1309 (2012). Respondent opposed the motion arguing the United States Supreme Court's decision in *Martinez v. Ryan* does not apply in Tennessee and does not provide an exceptional circumstance necessary to form the basis for Rule 60 relief (Court File No. 27). Petitioner subsequently supplemented his

motion with the recent Supreme Court case of *Trevino v. Thaler,* 133 S.Ct. 1911 (2013).

In *Trevino*, the Court held that where the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies:"

> "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, that was not counsel or counsel in that proceeding was ineffective." 566 U.S. at ___, 132 S. Ct. At 1320.

*Trevino v. Thaler*, 133 S.Ct. at 1921. Petitioner maintains *Trevino* applies to his case because the Tennessee procedural framework makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise ineffective assistance of trial counsel on direct appeal.

In his previous response, Respondent correctly points out that numerous courts have found that *Martinez* is not an "extraordinary circumstance" sufficient to grant a petitioner's Rule 60(b)(6) motion. However, the Court will require Respondent to further analyze his position in light of the discussion in *Martinez* noting that its rule "makes the initial-review collateral proceedings a prisoner's one and only appeal as to an ineffective assistance claim . . ., [which] may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings[,]" and the Court's determination that "**[t]his is not the case . . . to resolve whether that exception exists as a constitutional matter.**" *Id.* at 1315 (internal punctuation and citations omitted) (emphasis added). The *Martinez* Court explained that the precise question before it "is whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in the federal habeas proceeding." *Id.*

The *Martinez* Court discussed and modified its ruling in *Coleman v. Thompson*, 501 U.S.

2

722, 752 (1991), recognizing a narrow exception, i.e., inadequate assistance of counsel during an initial-review collateral proceeding may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. Although the *Coleman v. Thompson* Court stated "[t]here is no constitutional right to an attorney in state post-conviction proceedings[,]" it was addressing "the alleged failure of counsel on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court." *Martinez v. Ryan,* 132 S.Ct. at 1316. In *Coleman,* state postconviction counsel failed to timely file a notice of appeal. Thus, the effectiveness of *Coleman's* counsel before the habeas court was not at issue. Rather it was the effectiveness of *Coleman's* counsel during the appeal from the state postconviction proceedings that he argued constituted cause to excuse his procedural default of not having all postconviction claims presented to the appellate state court. *Coleman v. Thompson,* 501 U.S. at 753 The *Martinez* Court noted the *Coleman* Court recognized there is "a key difference between initial-review collateral proceedings and other kinds of collateral proceedings. When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim. This Court on direct review of the state proceeding could not consider or adjudicate the claim. And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims." *Martinez*, 132 S.Ct. at 1316 (internal citations omitted).

The *Martinez* Court explained that where "the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-

3

assistance claim." *Id.* at 1317.[1]  The Court instructed–"This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*  However, as previously noted, the *Martinez* Court left open the question of whether the *Coleman* exception identified in *Martinez* as an equitable ruling may exist as a constitutional matter. *Id.* at 1315.

Accordingly, Respondent **SHALL,** within **forty-five (45) days** from the date of this order**,** file a response addressing *Trevino's* application to Petitioner's case and further analyzing his position that Petitioner does not meet the extraordinary circumstance exception of Rule 60(b)(6) in terms of the discussion in *Martinez* referenced in the three previous paragraphs.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] A defendant has a constitutional right to effective assistance of counsel on his first appeal as of right.  *Evitts v. Lucey,* 469 U.S. 387 (1985).

4